**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4016**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEORGE TRENT,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:16-cr-00163-RDB-2)

Submitted: October 18, 2017                    Decided: October 31, 2017

Before DUNCAN, THACKER, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Anthony D. Martin, ANTHONY D. MARTIN, P.C., Greenbelt, Maryland, for Appellant. Jason Daniel Medinger, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Trent seeks to appeal his sentence. He pled guilty pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement in which the parties stipulated that a sentence of 144 months in prison was the appropriate sentence, and the district court accepted the agreement and imposed the sentence. On appeal, Trent's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising two sentencing issues; and Trent has filed a pro se supplemental brief challenging his sentence. The Government has moved to dismiss the appeal as barred by the appeal waiver. We dismiss the appeal.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." *United States v. Blick*, 408 F.3d 162, 173 (4th Cir. 2005) (internal quotation marks and citation omitted); *see United States v. Archie*, 771 F.3d 217, 222 (4th Cir. 2014) ("'A plea agreement, like any contract, allocates risk.'") (citation omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks and citation omitted). "We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *Id*. (internal quotation marks and citations omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017) (internal quotation marks and citation omitted).

Upon review of the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Trent knowingly and voluntarily waived his right to appeal his conviction and sentence, and the issues that he seeks to appeal are within the scope of the waiver.[*] Moreover, in accordance with *Anders*, we have reviewed the record for any potentially meritorious issues that might fall outside the waiver and have found none.

Accordingly, we grant the Government's motion to dismiss the appeal. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*

---

[*] We note that even if Trent had not explicitly waived his right to appeal, we would decline to review his sentence imposed pursuant to his Rule 11(c)(1)(C) plea agreement. *See United States v. Williams*, 811 F.3d 621, 624 (4th Cir. 2016).